**Mark S. LONG, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 39281.**

Missouri Court of Appeals,
Western District.

Dec. 29, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 1988.

Application to Transfer Denied
March 15, 1988.

Sean D. O'Brien, Public Defender, David S. Durbin, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P.J., and SHANGLER and BERREY, JJ.

PER CURIAM:

Long pleaded guilty to two counts of stealing over $150. Pursuant to the plea agreement, the court suspended imposition of the sentences and placed him on probation for concurrent five-year terms. Within a year, Long's probation was revoked and he was sentenced to five years' imprisonment on each count, with the terms to be served consecutively. He subsequently filed a Rule 27.26 motion which, as amended by counsel, challenged the legality of his conviction and sentence on the ground of ineffective assistance of both plea counsel and sentence counsel. The motion was denied without an evidentiary hearing and Long now appeals. For reasons set forth below, the case must be reversed and remanded.

In seeking post-conviction relief, Long claimed that plea counsel misrepresented to him that any sentence he might receive in the event his probation was revoked would be limited to five years. He further alleged that sentence counsel was ineffective in allowing the court to sentence him to ten years, contrary to his perceived agreement that the sentence would be five years. The motion court, upon finding that the sentences were within the applicable range of punishment, summarily denied Long's motion. On appeal, Long challenges the dismissal without an evidentiary hearing.

In resolving his claim, the court applies the rule that: "A 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts*, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing...." *Rice v. State*, 585 S.W.2d 488, 492 (Mo.1979) (en banc), citing *Smith v. State*, 513 S.W.2d 407, 411 (Mo.1974) (en banc), *cert. denied*, 420 U.S. 911, 95 S.Ct.

832, 42 L.Ed.2d 841 (1975); Rule 27.26(e). Furthermore, since a guilty plea is involved, only claims of error which affect the voluntariness and understanding with which the defendant entered his plea present cognizable grounds for post-conviction relief—all other claims are waived. *Freeman v. State,* 691 S.W.2d 414, 415 (Mo.App.1985). Thus, where a movant presents an ineffective assistance claim, he must establish that the inadequacy of counsel's representation rendered the plea involuntary. *Porter v. State,* 678 S.W.2d 2, 3 (Mo.App.1984).

■ Here, Long is claiming that, on the advice of plea counsel he entered his guilty plea with the belief that any sentence imposed in the event of probation revocation would be no longer than the term of probation originally ordered and that in light of that expectation his convictions and sentences in excess of his expectation were illegally obtained. If true, his claim, affects the understanding with which he entered his plea and thus presents proper grounds for post-conviction relief. The trial court's dismissal of the motion on the ground that the sentences imposed were within the applicable range of punishment fails to address the question of voluntariness and understanding presented here.

■ The record reflects that Long understood the maximum punishment for each charge to be seven years but it does not, as alleged by the state, demonstrate that he knew he faced a total sentence of fourteen years in the event his probation was revoked. The mere recital of the maximum statutory punishment, count by count, does not refute the factual contention that less than the maximum aggregate sentence was contemplated by the plea agreement if sentencing became necessary.

■ The three cases to which the state looks for support of the denial of Long's motion: *Reeder v. State,* 712 S.W.2d 431 (Mo.App.1986); *Jones v. State,* 697 S.W.2d 277 (Mo.App.1985); and *Oerly v. State,* 658 S.W.2d 894 (Mo.App.1983), are factually distinguishable from the case at bar. There, the prisoners' later claims regarding their sentencing expectations were expressly refuted by their prior testimony at the respective guilty plea proceedings. Here, on the other hand, the record discloses no discussion at the plea proceedings regarding the consequences of probation revocation, that is, no mention of what the sentence would or could be if later imposed. Accordingly, nothing in the record directly refutes Long's present contention nor is this a case such as *Reeder, supra,* where the plea agreement was limited to its expressed terms by the movant's acknowledgment at the time of the plea that no other promises had been made. Thus, despite Long's acknowledgment that a maximum sentence of seven years was possible for each charge, it remains to be determined whether he was misled by plea counsel into believing that the maximum range of punishment was limited by the plea agreement. As we have found nothing in the record to negate his assertion, an evidentiary hearing is required. Therefore, the judgment of the court denying Long relief without an evidentiary hearing must be reversed and the case remanded for further proceedings to resolve that issue.

Long's claim against sentence counsel does not involve the voluntariness of his guilty plea and, therefore, it is not cognizable under Rule 27.26.

Reversed and remanded.