**Kevin COKER, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 74276.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 29, 1999.

S. Paige Canfield, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for respondent.

RICHARD B. TEITELMAN, Judge.

Movant Kevin Coker appeals from the denial, after an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief in the Circuit Court of Cape Girardeau

County. On appeal, Movant argues that the motion court erred in denying his Rule 24.035 motion because his trial counsel was ineffective for promising him that all his sentences would be run concurrently. We affirm in part and reverse and remand in part.

*Background*

Movant was charged by information in underlying Case No. CR595–1839FX with one count of burglary in the first degree, Section 569.170, RSMo 1994,[1] and one count of stealing over $150.00, Section 570.030; in Case No. CR596–110FX, with one count of property damage in the first degree, Section 569.110; and, in Case No. CR596–818FX, with one count of possession of a controlled substance in a county jail, Section 217.360.

Movant entered a plea of guilty to each of the charges. The trial court suspended the imposition of sentences on cause numbers CR595–1839FX and CR596–110FX and placed him on five years' probation. Movant received a two year term in the Missouri Department of corrections on cause number CR596–818FX, execution of sentence to be suspended, and he was placed on five years' probation. This sentence was to run concurrently with the two other sentences.

On April 7, 1997, Movant's probation on all three cases was revoked. On cause number CR595–1839FX, he was sentenced to five years' imprisonment in the Missouri Department of Corrections on each count, with sentences to run consecutively; on cause number CR596–110FX, Movant was sentenced to five years', to run concurrently with the sentences in cause number CR595–1839FX. The court executed the previously imposed two year sentence on cause number CR596–818FX and ordered that it run consecutively.

Movant filed a timely pro se motion to vacate, set aside or correct the judgment or sentence. Counsel for Movant entered her appearance and filed an amended motion alleging that plea counsel wrongfully advised Movant that in exchange for his plea of guilty in cause number CR596–818FX he would receive a two year sentence that would run concurrently with the sentences in cause numbers CR595–1839FX and CR596–110FX. However, after Movant had violated probation, the court ran the sentence for CR596–818FX consecutive to the other two cases.

An evidentiary hearing was held on February 2, 1998. Movant testified on his own behalf that he pled guilty because he believed all his sentences would be run concurrently. The motion court denied Movant's motion after it found that there was no support for the assertion that all of the sentences would be run concurrently; that Movant acknowledged that his sentence would be solely within the discretion of the sentencing court; and finally that it was only after Movant violated his probation that the twelve year sentence was imposed.

*Discussion*

Appellate review is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(k); *Barry v. State,* 850 S.W.2d 348, 350 (Mo. banc 1993). Findings of fact and conclusions of law are clearly erroneous if the appellate court, upon reviewing the entire record, is left with the definite and firm impression that a mistake has been made. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App. E.D. 1986).

■ Movant argues that the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief because the record does not refute his allegations of ineffective assistance of counsel in that his attorney promised him that all his sentences would be run concurrently.

1. All further statutory references are to RSMo 1994 unless otherwise indicated.

■ The right to effective assistance of counsel is mandated by the Sixth Amendment to the Constitution of the United States and by Article I, Section 18(a) of the Missouri Constitution and is a fundamental right guaranteed to state defendants through the Fourteenth Amendment. *Gideon v. Wainwright,* 372 U.S. 335, 343, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Powell v. Alabama,* 287 U.S. 45, 68, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

■ To establish that his conviction must be set aside due to ineffective assistance of counsel, Movant must show that counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would display when rendering similar services under the existing circumstances and that Movant was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "[W]here a movant presents an ineffective assistance claim, he must establish that the inadequacy of counsel's representation rendered the plea involuntary." *Long v. State,* 745 S.W.2d 724, 726 (Mo.App. W.D.1987). "When a movant pleads guilty, claims of ineffective assistance of counsel are only relevant as they affect the voluntariness and understanding with which the plea was made." *Holland v. State,* 954 S.W.2d 660, 661 (Mo. App. E.D.1997).

Movant argues that his counsel advised him that if he entered a plea of guilty in cause number CR596–818FX, the two year sentence would run concurrently to the sentences in cause numbers CR595–1839FX and CR596–110FX. Movant's understanding of the plea agreement was set out in the plea record:

[Defense Counsel]: The recommendation is two years suspended execution of sentence, 30 days additional shock time with credit for the time he's already served in the County Jail...and to run this sentence concurrent with the probation he's already on right now with that case.

[COURT]: All right. Is that what your understanding is, Mr. Coker?

[DEFENDANT]: Yes, sir.

The court later asked Movant's counsel to repeat the State's offer, which again included the provision that the sentence in the CR596–818FX case would run concurrently. The court then sentenced Movant:

[COURT]: I will pronounce that sentence, that you be committed to the Department of Corrections for a period of two years, but execution of that sentence be suspended; that you be placed on additional five years probation; that it be concurrent to your existing sentences in your other cases.

The record reflects that Movant's understanding at the time his guilty plea was entered in cause number CR596–818FX was that his sentence would run concurrently with the sentences in CR595–1839FX and CR596–110FX.[2] However, upon execution of the two year sentence, the court ordered it to run consecutively to the other sentences, contrary to Movant's understanding of the plea agreement. There is nothing in the record to show that Movant knew, or that his counsel informed him, that he could receive consecutive sentences on the charges if his probation was revoked.

Missouri courts have stated:

If the defendant should be misled or be induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which prove to be false or ill founded, he

---

2. Movant did not actually receive sentences in all three cases at the time his guilty pleas were entered. Movant received suspended imposition of sentence for CR595–1839FX and CR596–110FX and was placed on probation. Movant received a two year sentence for CR596–818FX, with suspended execution of sentence and a concurrent five years' probation. It is interesting to note, however, that the trial court, in sentencing Movant on CR596–818FX, stated that his probation would be concurrent to the "existing sentences" in the other two cases.

should be permitted to withdraw his plea. The law favors a trial on its merits. The material inquiry is: Was the defendant misled, or under a misapprehension, at the time he entered his plea of guilty? A guilty plea induced by a mistaken belief that a binding plea agreement has been made is invalid whether the defendant is misled by his own attorney, the prosecuting attorney, or by the court.

*Brown v. State,* 485 S.W.2d 424, 429 (Mo. 1972) (citations omitted).

The trial court ordered the probation for the three cause numbers to run concurrently. See Section 559.036.1. After Movant's probation was revoked, the trial court was within its discretion to order the respective sentences to run consecutively. Section 558.026.2. However, the record does not reflect that Movant's counsel advised him that he could receive consecutive sentences if his probation was revoked.

The motion court clearly erred when it found that Movant had no basis for alleging that he had been promised that the two year sentence would be run concurrently with the sentences in the other two cases. The plea record reflects that both Movant's counsel and the court stated that the two year sentence would be run concurrently. Movant's assertion that he pled guilty based on that promise is supported by the plea record.

The State argues that Movant's plea was voluntary, and relies on statements Movant made at the guilty plea hearing in which Movant acknowledged that there was a range of possible punishments for the charged offenses. However, the fact that Movant understood the possible sentencing range for the charged offense does not refute his contention that his guilty plea in cause number CR596–818FX was not voluntary because he was misled by his attorney. See, e.g. *Long v. State,* 745 S.W.2d at 726.

Movant's conviction and sentence in cause numbers CR595–1839FX and CR596–110FX are not the subject of this appeal and are affirmed. Movant's conviction and sentence in cause number CR596–818FX are reversed and remanded for further proceedings consistent with this opinion.

JAMES R. DOWD, Presiding Judge and LAWRENCE G. CRAHAN, Judge, concur.