Alfredo CARIAGA, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 25995.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 26, 2004.

Amy M. Bartholow, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for respondent.

JAMES K. PREWITT, Judge.

Alfredo Cariaga ("Appellant"), who entered a plea of guilty to a charge of criminal non-support, appeals from the denial of his Rule 24.035 motion for post-conviction relief, following an evidentiary hearing in the Circuit Court of Taney County. Appellant contends that the motion court erred in denying his Rule 24.035 motion

because his plea counsel was ineffective for failing to investigate Appellant's "wage garnishment record and lump-sum payment of $610.00," and that plea counsel "failed to advise him of the defense that he did not knowingly fail to support his child."

On August 11, 1999, Appellant was charged by information in Taney County with the class D felony of criminal nonsupport, pursuant to Section 568.040, RSMo 1994. Said information alleged that Appellant "knowingly failed to provide, without good cause, adequate support for Pablo R. Cariaga, ... in each of at least six individual months within a 12 month period[.]" The twelve-month period cited was that between May, 1998, and May, 1999.

Pertinent to Appellant's conviction, section 568.040.1 provides that "a parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support for which such parent is legally obligated to provide for his child[.]" Section 568.040.4 provides that criminal nonsupport is a class D felony if the person obligated to pay child support fails to pay such support "in each of six individual months within any twelve-month period, or the total arrearage is in excess of five thousand dollars[.]"

Appellant concedes he is the biological father of Pablo Cariaga, born August 22, 1989, and that under an order of support entered in Wyandotte County, Kansas on November 28, 1989, he was ordered to provide child support in the amount of $94.00 per month, beginning January 1, 1990. Pursuant to his noncompliance with that order, income withholding orders were subsequently obtained against him by the State of Kansas in 1993 and 1997, garnishing his wages with respect to the unpaid support obligation on behalf of Pablo. As of June 16, 1999, Appellant was in arrears in his support payments for more than $10,000.00.

Appellant was represented by Assistant Public Defender Michaelle Tobin and filed a petition to enter a plea of guilty on November 4, 1999. His plea was accepted by the trial court, who ordered that imposition of sentencing be suspended. Appellant was placed on supervised probation for a period of five years, with special conditions that Appellant maintain full-time employment, pay the current support of $94.00 per month and pay a lump sum due then in the amount of $750.00. In addition, Appellant was ordered to pay $166.00 per month to satisfy a $10,523.00 arrearage in his support payments.

Subsequent to Appellant's plea, the State twice filed motions to revoke Appellant's probation. At a revocation hearing held June 21, 2001, Appellant admitted probation violations and requested that his probation be continued, which request was granted by the trial court, subject to the special conditions ordered previously. On December 6, 2001, another revocation hearing was held wherein Appellant admitted the violation and again requested that probation be continued. However, the trial court ordered the revocation of Appellant's probation and sentenced him to three years' imprisonment on the original charge of criminal non-support.

Appellant filed a *pro se* motion to set aside on February 25, 2002. Counsel for Appellant was appointed, and an amended Rule 24.035 motion was filed on September 30, 2002. Said motion alleged that at the time he was charged with criminal nonsupport, Appellant had maintained gainful employment and that his wages were being garnished, pursuant to an income withholding order obtained against him in the State of Kansas for child support obligations, and, further, that Appellant "reasonably believed that the support obligation was being satisfied through this income withholding order and subsequent

modifications." Among other claims of error, Appellant claimed that his plea of guilty was involuntary, unknowing and unintelligent because plea counsel "failed to investigate and fully advise movant as to the viability of his proposed defense that he did not 'knowingly' fail to provide support." Following an evidentiary hearing held September 17, 2003, the motion court denied Appellant's request for relief. This appeal followed.

■ In his only point relied on, Appellant contends that the motion court erred in denying his post-conviction motion that he received ineffective assistance from plea counsel in that plea counsel failed "to investigate and advise him of a potential defense based upon his lack of *mens rea* for the charged crime—i.e., that he did not knowingly fail to support his minor child." Appellant further contends that "but for counsel's ineffectiveness [Appellant] would not have pleaded guilty, but would have proceeded to trial."

Appellant asserts that "evidence that [Appellant's] paycheck was routinely being garnished for child support and further evidence that no one had contacted [Appellant] before his arrest to notify him of the inadequacy in the garnishment or that the custodial parent was not receiving the proceeds of the garnishment, would be persuasive evidence for a jury that [Appellant] was not knowingly failing to provide adequate support." Appellant also references a $610.00 payment to the custodial parent in May, 1998, which Appellant contends "[a] jury could reasonably find that [Appellant] believed ... would apply forward and not be applied to arrearages."

At his evidentiary hearing, Appellant stated that he had additional support obligations related to children other than Pablo for which garnishment orders had been obtained. Appellant submitted eight payroll earnings statements, reflecting varying amounts for garnishment deductions withheld from his weekly paychecks. The statements reflect various pay periods, and five of the weekly statements reflect garnishments of varying amounts within the period of time that the information charged Appellant "had failed to provide support in each of at least six individual months" between May, 1998 and May, 1999.

However, these five earnings statements do not aid Appellant in establishing that he did not knowingly fail to meet his support obligations via garnishment in the time period stated in the information. The motion court noted that, according to the evidence produced by Appellant and within the twelve-month period stated in the information, Appellant paid a total of $51.76 in October of 1998, $76.16 in November, 1998, and only $38.08 in December, 1998, although the court-ordered adequate child support was $94.00 per month for support of his son, Pablo.

■ To the issue of the "lump-sum payment of $610.00 made to the custodial parent in May, 1998," Appellant failed to include this claim in both his *pro se* motion and his amended motion for post-conviction relief, thereby precluding Appellant from raising it here on appeal. *State v. George,* 921 S.W.2d 638, 648 (Mo.App. 1996).

■ Appellate review of a motion court's denial of post-conviction relief is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). We will find the motion court's determination clearly erroneous only if, after a review of the entire record, we are left with a firm and definite belief that a mistake has been made. *Coker v. State,* 995 S.W.2d 7, 8 (Mo.App.1999).

For Appellant to prevail on a claim of ineffective assistance of counsel, he must show that his attorney failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances and that Appellant was thereby prejudiced. *Id.* at 9. Claims of ineffective assistance of counsel after a guilty plea are relevant only to the extent that counsel's inadequacy rendered the plea involuntary. *Id.*

Upon Appellant's claim that plea counsel was ineffective in failing to investigate Appellant's child support payment history and therefore unable to adequately advise him on possible defenses, the motion court included the following in its findings and conclusions:

> This Court can hardly find by a preponderance of evidence that [plea counsel] ... was ineffective when [Movant's] post conviction relief attorney ... could produce no pay stubs, or series of pay stubs, for any month during the period of May, 1998 through May of 1999, wherein Movant ever paid $94.00 per month for Pablo. To claim that his [plea] counsel was ineffective is misplaced. His claim of ineffective counsel was spurious since had he read his own pay stubs, he would have obviously known that $94.00 was never garnished from his paycheck in any one month. This Court finds it reasonable to conclude that Mr. Cariaga is at very least charged with knowledge of the contents of his own personal pay stubs. Finally, this Court finds that Movant knew he owed court ordered "adequate" support for Pablo of $94.00 per month and likewise, knew from the evidence presented that during none of the months between May of 1998 and May of 1999 had he complied with the court ordered "adequate" support.

In his Petition to Enter a Guilty Plea, Appellant stated: "between 5/98 and 5/99 in Taney County, MO, knowingly failed to provide, without good cause, adequate support for Pablo R. Cariaga, for whom I was legally obligated to provide support." Appellant was questioned by the court as to whether he had read and understood the petition, to which Appellant responded affirmatively.

The Petition also states that Appellant "received a copy of the information[,]" which he read and discussed with his attorney. The information charged that "[Appellant] knowingly failed to provide, without good cause, adequate support for Pablo R. Cariaga[.]" When the court asked Appellant, "are you telling me that your plea is free and voluntary because you are, in fact, guilty as charged," Appellant responded, "Yes, sir, it is."

The plea court requested that the State present its facts of Appellant's case, which included the allegation that "even though there was an obligation to supply the child support, [Appellant], without good cause, failed to provide adequate support for that child and made no payment at all for at least six of those [twelve] months." The court then asked Appellant if the State had "accurately stated the facts of your case," to which Appellant responded, "Yes, pretty much, yes."

Appellant testified at the evidentiary hearing that he was aware of two income withholding orders from the State of Kansas which provided for garnishment of his wages. One such order provided for a monthly withholding of $20.00, and the other order provided for a withholding of $10.00 per month. Appellant conceded that he was aware his child support obligation for Pablo was $94.00 per month. When asked to explain the difference between the withholding amounts and his monthly child support obligation for Pablo,

Appellant responded, "I really don't know. I figured they knew what they were doing. I never questioned it. I figured they dropped the amount or something. I really didn't have any reason to question it."

■ "In the context of criminal non-support, a parent acts with the particular mental state of 'knowingly' when a parent is aware of the support obligation." *State v. French*, 79 S.W.3d 896, 900 (Mo.banc 2002). "Proof of a particular mental state can and usually does rest on circumstantial evidence." *Id.*

Here, the evidence against Appellant included his own admission in his petition that he "knowingly failed to provide" support for Pablo for whom he was "legally obligated to provide support[,]" and his acquiescence to the State's charge that Appellant failed to provide support "even though there was an obligation" to do so. Further, Appellant submitted at the evidentiary hearing, marked as Movant's Exhibit 2, two income withholding orders from the State of Kansas which provided for monthly withholdings for child support obligations which were substantially less than his court-ordered monthly child support payment for Pablo. We do not find credible Appellant's contention that evidence of the garnishment of his wages would persuade a jury that he did not "knowingly" fail to provide court-ordered child support for his son. Appellant's point is denied.

The motion court's denial of post-conviction relief is affirmed.

GARRISON, P.J., and RAHMEYER, J., concur.