Terry L. HUTTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 72236.

Missouri Court of Appeals,
Western District.

July 26, 2011.

Susan E. Summers, Assistant Appellate Defender, Kansas City, MO, for appellant.

Chris Koster, Attorney General, Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

Before Division IV: LISA WHITE HARDWICK, Chief Judge, Presiding, and KAREN KING MITCHELL and CYNTHIA L. MARTIN, Judges.

KAREN KING MITCHELL, Judge.

This is a Rule 29.15 case. The issues are whether the defendant was abandoned by his post-conviction counsel and whether the Rule 29.15 motion stated facts sufficient to justify a hearing. We hold that the abandonment issue is not properly before us in that the defendant did not raise it below. We hold further that the Rule 29.15 motion did not state facts sufficient to warrant a hearing in that it did not allege facts that, if proved, would establish prejudice. Therefore, we affirm.

### Facts and Procedural Background[1]

Appellant Terry Hutton, then fifteen, got into an altercation with Lamonta Poole, also a teenager. Armed with an assault rifle, Hutton fired fifteen to twenty shots at Poole's car, which contained three other people, including a two-year-old girl. No one was killed, but Poole, the two-year-old, and a bystander were all hit. The two-year-old was shot in the head and sustained significant injuries. At trial, both Poole and the injured bystander identified Hutton as the gunman.

On October 1, 2004, a jury convicted Hutton of two counts of first-degree assault, section 565.050;[2] two counts of armed criminal action, section 571.015; and one count of unlawful use of a weapon, section 571.030.1. On October 8, 2004, Hutton's trial attorney filed a notice of appeal.

On November 4, 2004, Hutton filed, *pro se*, a motion to vacate, set aside, or correct the judgment or sentence ("Rule 29.15 motion"). Hutton filed the motion in the underlying criminal action, but the court there apparently transferred the case to

---

1. On appeal from the motion court's ruling on a Rule 29.15 motion, we view the evidence in the light most favorable to the verdict in the underlying criminal case. *Smith v. State*, 118 S.W.3d 691, 692 (Mo.App. W.D.2003).

2. Statutory citations are to RSMo (2000), as updated through the 2010 cumulative supplement.

the civil docket, opening up a new civil case, as is appropriate under Rule 29.15.

On February 21, 2006, we affirmed the judgment of conviction on direct appeal. *State v. Hutton*, 186 S.W.3d 827, 828 (Mo. App. W.D.2006). On April 19, 2006, the mandate issued.

On April 25, 2006, the motion court entered an order, finding that Hutton had filed a Rule 29.15 motion. The court then appointed the appellate public defender to represent Hutton and gave the public defender ninety days to file an amended Rule 29.15 motion. The court mailed the order to the appellate public defender's office.

On July 18, 2006, Hutton's attorneys on direct appeal, Ray Sousley and Daniel Ross, filed, in the underlying criminal matter, a "motion to vacate, set aside or correct the judgment or sentence."[3] This "motion" tracks Civil Procedure Form 40 and was filed exactly ninety days after the mandate issued in Hutton's direct appeal. The motion alleged that Hutton's trial counsel was ineffective in that he "failed to prepare a defense on a new indictment on which the defendant was arraigned the day before trial despite the fact that [trial counsel] had received a copy of the new indictment approximately 60 days before trial." The motion also alleged trial counsel was ineffective in failing to depose Poole and in failing to object to an alleged *Brady*[4] violation when it became apparent that there were charges pending against Poole that had not been disclosed.

On September 25, 2006, Hutton filed, *pro se*, and in the underlying criminal action, a motion for an evidentiary hearing on the motion to vacate, set aside, or correct the judgment or sentence. In it, he noted that the motion filed by his direct-appeal attorneys contained no request for an evidentiary hearing.

From November 15, 2006, to March 18, 2008, the motion court sent out three different notices of case management conferences. Despite having appointed the appellate public defender to represent Hutton, the court sent the notices to Hutton's direct-appeal attorneys. The record is unclear as to what, if anything, occurred at the conferences. The record is also unclear as to what, if any, role the public defender's office played after its appointment.

From January 30, 2007, to March 6, 2007, Hutton sent five letters to the court, in the underlying criminal matter, asking for an update on the status of the post-conviction case and requesting information about a hearing. On March 13, 2007, the assistant legal counsel of the court responded, enclosing a copy of the docket sheet (presumably in the criminal case) and advising Hutton to contact his attorney. On April 11, 2007, Hutton again wrote back to the court in the criminal case, asking for someone to "explain to me what's going on."

Thereafter, nothing was filed in this case for over a year, although a case management conference was scheduled and apparently took place on May 9, 2007.

On November 25, 2008, the State filed a motion to deny Hutton's Rule 29.15 motion. The motion was filed more than two years out of time.

On March 17, 2009, the motion court entered an order overruling Hutton's Rule 29.15 motion. In its judgment, the court

---

3. Sousley and Ross are private counsel. The circumstances under which they were retained to represent Hutton are not clear from the record. They did not represent him at trial.

4. *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

stated that Ross, one of Hutton's counsel on direct appeal, had filed an "Amended Motion to Vacate, Set Aside or Correct Judgment or Sentence." On July 10, 2009, the court filed an amended judgment, again overruling Hutton's Rule 29.15 motion.

On August 11, 2009, Hutton sent a letter to the circuit court, stating that he did not have an attorney and requesting appointment of the appellate public defender to prosecute his appeal of the denial of the Rule 29.15 motion. On August 31, 2009, the court granted Hutton's motion to proceed as a poor person. Hutton is represented in this appeal by the appellate public defender.

## Standard of Review

■■ On appeal from the motion court's judgment disposing of a Rule 29.15 motion, our review is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). We will find that the motion court clearly erred when, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Forrest v. State,* 290 S.W.3d 704, 708 (Mo. banc 2009).

## Legal Analysis

### I. Abandonment

■■ Hutton argues that, because his post-conviction attorneys, who had also been his attorneys on direct appeal, had a conflict of interest and failed to make arguments concerning their own (allegedly ineffective) performance, they abandoned him. The State concedes that Hutton's direct-appeal attorneys "may have violated an ethical rule," *see State v. Taylor,* 1 S.W.3d 610, 612 (Mo.App. W.D.1999) (holding that an attorney who represented the defendant at trial and on direct appeal had an inherent conflict of interest in representing the defendant in post-conviction proceedings), *see also* Rule 4–1.7, but it maintains that such conduct does not constitute "abandonment" under Rule 29.15.

There is *dictum* from the Supreme Court of Missouri that arguably supports Hutton's assertion that, under some circumstances, post-conviction counsel's conflict of interest may constitute abandonment. *See State ex rel. Nixon v. Jaynes,* 63 S.W.3d 210, 217–18 (Mo. banc 2001). In *Jaynes* the petitioner sought a writ of habeas corpus, alleging that appointed counsel abandoned him in a post-conviction proceeding. While the Supreme Court held that the petitioner, Warren, could not raise post-conviction claims in a habeas corpus proceeding, it noted that he was not precluded from seeking relief under Rule 29.15 in the motion court through a motion to reopen. *Id.* "Warren has pleaded that the trial court deprived him of appointed counsel—a right granted under Rule 29.15(e)—because the court appointed a lawyer with a conflict of interest. If Warren proves that his appointed lawyer had a conflict of interest and thereby forfeited his rights, then ... the matter should be treated as though no counsel had been appointed." *Id.* (footnote omitted).

However, there are also cases suggesting and/or holding that a conflicted counsel does not abandon his client unless the conflict *causes* the attorney to fail to do some act *otherwise required* by Rule 29.15. *See State ex rel. Nixon v. Sheffield,* 272 S.W.3d 277, 282 n. 7 (Mo.App. S.D.2008) (citing *Brown v. State,* 66 S.W.3d 721, 726 n. 2 (Mo. banc 2002), for the proposition that *Jaynes* means only that a conflict of interest can *cause* abandonment); *see also Hill v. State,* 193 S.W.3d 390, 392 (Mo.App. S.D.2006) (holding that a movant did not state a claim for abandonment in that he did not allege that the alleged conflict of interest caused the attorney to fail to do

an act required by Rule 29.15); *Edgington v. State*, 189 S.W.3d 703, 707 (Mo.App. W.D.2006) (same).

Generally, once the acts required by Rule 29.15 have been discharged, the movant has no claim that his attorney performed those acts ineffectively. *See Gehrke v. State*, 280 S.W.3d 54, 60 (Mo. banc 2009) (Fischer, J., concurring) ("To be clear, abandonment is established only where postconviction counsel fails to comply with the duties explicitly imposed by Rule 24.035 or Rule 29.15."). However, given the *dicta* from *Jaynes*, it appears to be an open question as to whether Rule 29.15(e)'s requirement that the court "cause counsel to be appointed" is satisfied when the appointed counsel is prohibited by ethical rule from filing the amended motion. *See* Rule 4–1.7(a)(2) (providing that an attorney "shall not" represent a client when there is a significant risk that the representation will be materially limited by a personal interest of the lawyer).

Even if we were to conclude that the appointment of post-conviction counsel with a conflict of interest, without a resulting failure by the counsel to fulfill the requirements of Rule 29.15, could constitute an abandonment, it is not clear that reversal and remand would be warranted in this case. We note that this case is perhaps different from other conflict cases in that Ross and Sousley were never appointed: they are private counsel whom it appears Hutton, at some point, hired on his own. In most cases, a client can waive his lawyer's conflict of interest by giving informed, written consent. Rule 4–1.7(b)(4). From the record before us, it is unclear whether Hutton waived Ross and Sousley's conflict of interest in the post-conviction case.

Nevertheless, we are not in a position to rule on the issue, given that it is not properly before us.

### a. Preservation

Hutton did not argue below that his post-conviction attorneys abandoned him, but he asks us to review the record on this point for plain error. The State argues that, under *Hoskins v. State*, we cannot address any question that was not presented to the motion court. 329 S.W.3d 695, 699 (Mo. banc 2010) (holding that plain error review does not apply on appeal in Rule 24.035 cases). We agree with the State.

The court in *Hoskins* held that plain error review does not apply in post-conviction cases.[5] *Hoskins*, 329 S.W.3d at 699. It could be argued that "abandonment" should be an exception to the rule in *Hoskins*, given that the movant, when he filed his *pro se* motion, could not have known that his post-conviction attorney would thereafter abandon him and therefore would have no cause to raise the issue. Nevertheless, the movant could bring the issue of abandonment to the court's attention after the time for filing an amended motion had passed by filing a motion to reopen his Rule 29.15 case. *Jaynes*, 63 S.W.3d at 217–18. Therefore, the rule in *Hoskins* retains its force, even in abandonment cases: the movant has an opportunity to put his arguments before the trial court, and the appellate court will then have a better record from which it can review the motion court's ruling on the abandonment issue. As illustrated below, the record before us is unclear on several points that relate to whether Hutton was abandoned, and, therefore, Hutton would be better served to seek to have his case

---

**5.** *Hoskins* was a Rule 24.035 case, but the relevant procedural requirements of Rule 29.15 are the same as those contained in Rule 24.035.

reopened so that a clearer record might be developed.[6]

### b. Procedural irregularities

Given the record before us, we feel compelled to note the many procedural irregularities of this case.

It appears that no attorney filed *anything* on Hutton's behalf in the post-conviction case. The only thing filed by an attorney was the July 18, 2006 motion, which was filed in the underlying criminal action. There is some evidence to suggest that the court *treated* the July 18, 2006 motion as having been filed in the post-conviction civil case, but there is also evidence—notably that the motion was not transferred to the court's civil docket—to the contrary. That the court apparently did not transfer the July 18, 2006 motion to the civil docket is in contrast to the court's action with respect to Hutton's *pro se* motion, which he filed in the criminal case but which the court transferred to the civil docket. Further, *after* the July 18, 2006 motion was filed, Hutton filed *another pro se* motion, which suggests that he was not represented by counsel at that time. The court mailed notices of case management conferences to Ross and Sousley, but there is no record as to whether they ever attended the conferences. It is therefore unclear whether any attorney actually represented Hutton in the civil, post-conviction proceeding.

Moreover, even if the July 18, 2006 filing *did* become a part of the post-conviction civil case, it is debatable that it was an "amended motion" as required by Rule 29.15. We suspect that the attorneys who filed the July 18, 2006 motion did so intending for it to be, not an amended motion, but an original Rule 29.15 motion, in the mistaken belief that such was required to invoke the jurisdiction of the motion court.[7] *See* Rule 29.15(b). The July 18, 2006 filing is entitled "Motion to Vacate, Set Aside or Correct the Judgment or Sentence," and it was done in the form contemplated by Criminal Procedure Form No. 40. Thus, it tracks Rule 29.15(b)'s requirements, which relate to original motions, not amended motions. Furthermore, the attorneys filed the motion on the ninetieth day after the mandate issued in Hutton's direct appeal. Considering that original motions are required to have been filed within ninety days of the mandate issuing, Rule 29.15(b), and the attorneys filed the motion on the *last possible day to file original motions,* it appears that the attorneys thought they were filing Hutton's *original* Rule 29.15 motion to invoke the jurisdiction of the motion court. That the attorneys did not officially appear in the post-conviction civil case suggests that they assumed that the court would appoint non-conflicted counsel to file an amended motion and carry the case to its fruition.[8]

In addition, and perhaps most importantly, the court apparently[9] appointed the appellate public defender, not Hutton's direct-appeal attorneys, to represent Hutton in the post-conviction action. When the

---

**6.** We note that, going forward, Hutton retains the right to file a motion to reopen.

**7.** Hutton's *pro se* motion, though prematurely filed, was sufficient to invoke the jurisdiction of the motion court. *See Nolan v. State,* 959 S.W.2d 939, 940 (Mo.App. E.D.1998) (holding that a Rule 29.15 motion is not, by virtue of being prematurely filed, subject to dismissal).

**8.** That, from the record before us, we cannot tell whether the July 18, 2006 motion was intended to be an amended motion illustrates the wisdom of not ruling on the abandonment issue until it is argued below.

**9.** We note that the order appointing the appellate public defender as post-conviction counsel does not appear on the court's docket sheet, though it was included in the legal file on appeal.

court appoints counsel in a Rule 29.15 case, the attorney, should he or she wish to withdraw, has a duty to show good cause and that another attorney has entered his or her appearance in the post-conviction case. Rule 29.15(f). Had this showing been attempted in this case, the parties and/or the court would likely have realized that (1) there was no good cause for Hutton's direct-appeal attorneys to represent him in the post-conviction case, given their conflict of interest; and (2) Hutton's direct-appeal attorneys had not filed an entry of appearance (or anything else) in the post-conviction civil case.

The procedural irregularities of this case notwithstanding, Hutton's abandonment claim is not properly before us, and his point is therefore denied.

## II. Ineffective assistance of trial counsel

■ Hutton also argues that the trial court clearly erred in denying his Rule 29.15 motion without a hearing in that he alleged facts that, if proved, would warrant a finding of ineffective assistance of his *trial* counsel. We disagree.

Rule 29.15 mandates that an evidentiary hearing be had only when (1) the motion alleges facts, not conclusions, warranting relief; (2) the record does not refute the facts alleged; and, (3) the alleged facts, if proved, would establish prejudice. *Williams v. State*, 168 S.W.3d 433, 439 (Mo. banc 2005). "When the requested evidentiary hearing involves a claim of ineffective assistance of counsel, the movant must allege facts, unrefuted by the record, that (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) he was thereby prejudiced." *Webb v. State*, 334 S.W.3d 126, 128 (Mo.

banc 2011). To show the prejudice sufficient to establish an ineffective assistance claim, the movant must prove that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. *Taylor v. State*, 126 S.W.3d 755, 759 (Mo. banc 2004).

Here, Hutton's Rule 29.15 motion [10] does not allege facts that, if proved, would establish prejudice.

Hutton alleges that his trial counsel failed to prepare to meet the charges in the amended indictment, which was filed the day before trial. However, he does not allege that trial counsel failed to prepare a defense to the previous information and indictment ("previous charging instruments") that had been filed, and he fails to allege how trial counsel's preparation for the new indictment would have differed from his preparation to defend against the previous charging instruments. The changes to the new indictment were that (1) an assault charge was added for Hutton's assault on Poole (the previous charging instruments charged him only with having assaulted the two-year-old and the bystander); and (2) "unlawful use of a weapon" was included as an alternative to each of the assault charges. In other words, the underlying facts of the case had not changed, and there is no apparent reason why Hutton's counsel's preparation would have needed to have been different. Hutton simply has not explained how counsel should have prepared differently, nor has he alleged facts that, if proved, would establish a reasonable probability that the outcome of trial would have been different if counsel had prepared differently.

■ Hutton also alleges that counsel was defective for failing to depose Poole. However, he does not explain how depos-

---

**10.** We are treating the July 18, 2006 motion, filed by Hutton's direct-appeal attorneys, as the operative motion, as the motion court apparently did.

ing Poole would have revealed information that could have altered the outcome of trial. Thus, once again, Hutton fails to allege facts that, if proved, would establish a reasonable probability that the outcome of trial would have been different if counsel had acted differently.

Lastly, Hutton alleges that counsel was ineffective in failing to object to an alleged *Brady* violation. Hutton alleges that the State had failed to disclose the charges pending against Poole, whom the State called as a witness, and that trial counsel failed to object to the alleged violation. Once again, Hutton alleges no facts that would establish prejudice in that he does not allege how an objection could conceivably have changed the outcome of the trial.

In addition, the record refutes the notion that prejudice occurred. Poole's pending charges were discussed at trial, and trial counsel impeached Poole's credibility by cross-examining him regarding those charges. Hutton does not explain how trial counsel would have made different use of the existence of Poole's pending charges if the State had disclosed them. Presumably, counsel would have used the knowledge of the pending charges to impeach Poole's credibility, which, as discussed, he was able to do notwithstanding the alleged non-disclosure of the charges. Furthermore, trial counsel did raise the alleged *Brady* violation in his motion for a new trial, and his appellate counsel raised it on appeal. On direct appeal, we addressed the merits, holding that, since his counsel effectively impeached Poole regarding his pending charges, Hutton was not prejudiced by any alleged *Brady* violation.[11] Because the merits of the claim were addressed on appeal, Hutton cannot

have been prejudiced by his trial counsel's failure to object to the alleged violation.

Since Hutton failed to allege facts that, if proved, would establish prejudice, the motion court did not err in denying his Rule 29.15 motion without a hearing. *See Williams*, 168 S.W.3d at 439. Point denied.

### Conclusion

Whether post-conviction counsel abandoned Hutton is an issue that was not raised below, and therefore we do not address it on appeal. The proper venue for such a claim is in a motion to reopen the Rule 29.15 case. The motion court did not clearly err in denying the Rule 29.15 motion without a hearing in that the motion did not allege facts that, if proved, would establish prejudice. We therefore affirm the motion court's judgment.

LISA WHITE HARDWICK, Chief Judge, Presiding, and CYNTHIA L. MARTIN, Judge, concur.

---

11. The State maintains that it did disclose the charges against Poole.