**Jason L. GARRISON, Movant–
Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

Nos. SD 32027, SD 32030.

Missouri Court of Appeals,
Southern District,
Division One.

April 30, 2013.

Craig A. Johnston, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, P.J.

Jason L. Garrison ("Movant") pleaded guilty in two separate cases as an aggravated offender to the class C felonies of driving while intoxicated and, in accordance with a plea agreement, was sentenced to serve consecutive seven-year terms in the Department of Corrections. Movant then filed Rule 24.035 motions for post-conviction relief challenging each conviction, claiming his plea counsel was ineffective.[1] Post-conviction counsel was appointed and filed an amended motion in each case. After a consolidated evidentiary hearing on the amended motions, throughout which Movant was represented by post-conviction counsel, the motion court issued findings of fact and conclu-

---

1. All rule references are to Missouri Court     Rules (2012).

sions of law finding that plea counsel was not ineffective as Movant alleged and entered its judgment denying the amended motion in each case. Movant now appeals each denial, and this Court has consolidated both appeals for all purposes.

A trial court considering a Rule 24.035 motion "shall issue findings of fact and conclusions of law on all issues presented[.]" Rule 24.035(j); *see Hollingshead v. State*, 324 S.W.3d 779, 781 (Mo.App.2010). Rule 24.035(k) provides, in pertinent part, "Appellate review of the trial court's action on the motion filed under this Rule 24.035 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). Those findings are presumed to be correct. *Gleason v. State*, 329 S.W.3d 714, 716 (Mo.App.2010). Because Rule 84.13(a) mandates that "allegations of error not briefed or not properly briefed shall not be considered in any civil appeal[,]" our review is further limited to only those issues properly briefed by Movant. "To prevail on appeal, the movant bears the burden of showing the motion court's findings to be clearly erroneous[.]" *Greathouse v. State*, 859 S.W.2d 247, 249 (Mo.App.1993). Therefore, the mandatory limits placed upon our review by Rules 24.035(k) and 84.13(a) make it incumbent upon an appealing movant to properly brief a challenge to at least one finding of fact or conclusion of law actually made by the motion court or a challenge to its failure to make a required finding or conclusion.[2] In the absence of such a challenge, there is nothing within our limited standard of review for this Court to consider or upon which we could reverse the motion court's judgment. *See* Rule 84.13(b).[3]

In his sole point on appeal, Movant now claims for the first time that the motion court clearly erred in denying his amended motions because he "was abandoned by and received ineffective assistance by *post-conviction* counsel[.]" (Emphasis added). Because this claim was never presented to the motion court, the motion court was not required to and did not make any findings of fact or conclusions of law related to it. In the absence of such findings, Movant's point raises nothing within this Court's limited standard of review upon which we could possibly reverse the motion court's judgments. Since the findings the motion court actually made are presumed correct and, along with the motion court's conclusions of law, are unchallenged by Movant on appeal, we affirm the motion court's judgments denying Movant's amended motions.

NANCY STEFFEN RAHMEYER and WILLIAM W. FRANCIS, JR., JJ., concur.

---

**2.** To preserve this latter challenge for appeal, a movant must have first complied with Rule 78.07(c) by filing a motion to amend the judgment in the motion court. *Johnson v. State*, 388 S.W.3d 159, 168 (Mo. banc 2012); *Gerlt v. State*, 339 S.W.3d 578, 584 (Mo.App.2011).

**3.** Rule 84.13(b) provides, "No appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action."