Georgia **LINDER**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. WD 75069.

Missouri Court of Appeals,
Western District.

Aug. 13, 2013.

S. Kate Webber, Kansas City, MO, for appellant.

Shaun Mackelprang, Jefferson City, MO, for respondent.

Before Division Two: THOMAS H. NEWTON, Presiding Judge, KAREN KING MITCHELL, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Georgia Linder ("Linder") appeals the denial of her Rule 24.035 [1] motion. She does not allege that the motion court erred in denying the claim asserted in her amended Rule 24.035 motion. Instead, she asserts that the motion court clearly erred in denying her claim without *sua sponte* inquiring into the performance of her ap-

---

1. Unless otherwise indicated, all rule refer-    ences are to the Missouri Court Rules (2013).

pointed post-conviction counsel because the record shows abandonment in that counsel's amended motion was facially and patently defective. We affirm.

### Factual and Procedural History

The State charged Linder with three counts of the class C felony of forgery (section 570.090.1(3)).[2] Pursuant to a plea agreement, on January 26, 2011, Linder entered a guilty plea to the three counts of felony forgery. Under that agreement, the State agreed not to file any additional charges arising from the actions contained within the discovery provided in the case, which amounted to approximately thirty additional potential forgery charges. The agreement, however, did not prohibit the State from proceeding to prosecute Linder on other *pending* charges arising from an incident on January 15, 2011, in which Linder was arrested for driving with a revoked license, a class D felony, and driving while intoxicated, a class B misdemeanor.

On March 14, 2011, Linder, without a plea agreement, entered a guilty plea to these two additional counts and was sentenced for all five counts which composed the three counts of felony forgery and the felony driving while revoked and the misdemeanor driving while intoxicated charges. Linder received six-year sentences on each of the three counts of forgery, with counts I and II to run consecutively and count III running concurrently, for a combined total of twelve years. Additionally, Linder received a three-year sentence for felony driving with a revoked license and a six-month sentence in the county jail for the misdemeanor charge of driving while intoxicated. Linder was delivered to the Department of Corrections on March 22, 2011. No direct appeal of her criminal convictions was filed.

On April 15, 2011, Linder filed a timely Motion to Vacate, Set Aside or Correct Judgment and Sentence pursuant to Rule 24.035. In her timely *pro se* motion she raised approximately twenty-three claims.[3] On April 22, 2011, the Court appointed the State Public Defender's Office to represent Linder on her post-conviction motion. On September 29, 2011, counsel for Linder filed an amended motion for post-conviction relief and a request for an evidentiary hearing. In her amended motion, Linder alleged that her pleas were not entered knowingly, intelligently, and voluntarily because her plea counsel had coerced her into accepting a plea agreement and entering a guilty plea. In relevant part, Linder's motion stated:

> Movant will rely on the underlying criminal file and transcript in Buchanan County case numbers [10BU and 11 BU] as well as any exhibits filed previously or hereafter in this PCR case number. In addition, movant will rely on the following facts, evidence and witnesses listed in Movant's original Motion to Vacate, set aside or correct the Judgment or Sentence.[4]

Linder's amended motion failed to allege any facts, evidence or witnesses establishing coercion; therefore, the motion court reviewed the relevant portions of testimony from her plea and sentencing hearings to assess the ineffective assistance of coun-

---

**2.** All statutory references are to RSMo 2000 as currently supplemented unless otherwise indicated.

**3.** Many of these claims appear to be repetitious and others are so poorly drafted that the allegations of error are indecipherable.

**4.** Rule 24.035(g) and its companion Rule 29.15(g) specifically prohibit an amended motion from incorporating by reference material from a previously filed motion.

sel claim. A review of the transcripts revealed that Linder testified repeatedly in both plea hearings that there had been no threats against her or promises made to her in exchange for her plea of guilty, that she was satisfied with her plea counsel, and that there was nothing more she wanted counsel to do before she entered the guilty pleas.

Because of the lack of evidence and facts in the amended motion, the motion court found that Linder's conclusory allegations of coercion, which were not supported in the hearing transcripts nor in the motion itself, were insufficient to support the court granting an evidentiary hearing. Therefore, an evidentiary hearing was denied and the Rule 24.035 claim was denied.

Linder appeals the denial, claiming that the motion court clearly erred in denying her Rule 24.035 claim without *sua sponte* inquiring into the performance of her appointed post-conviction counsel. She claims that her post-conviction counsel abandoned her in that the amended motion filed by counsel was so facially and patently defective under the rule that it amounted to a nullity.

### Standard of Review

■ In determining whether the motion court erred in denying Linder's motion for post-conviction relief, our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). "Error is clear when the record definitely and firmly indicated that the circuit court made a mistake." *Gerlt v. State*, 339 S.W.3d 578, 582 (Mo.App. W.D.2011).

### Analysis

In her sole point on appeal, Linder argues that the motion court clearly erred in denying her claim without *sua sponte* inquiring into the performance of her appointed post-conviction counsel. Specifically, Linder argues that she was abandoned by her post-conviction counsel because the amended motion was so patently defective under Rule 24.035 that it amounted to a nullity.

■ Linder did not raise the issue of abandonment before the motion court. A movant can "bring the issue of abandonment to the court's attention after the time for filing an amended motion has passed by filing a motion to reopen" a case under Rule 24.035.[5] *Hutton v. State*, 345 S.W.3d 373, 377 (Mo.App. W.D.2011) (citing *State ex rel. Nixon v. Jaynes*, 63 S.W.3d 210, 217–18 (Mo. banc 2001)). In filing a motion to reopen an abandonment case, "the movant has an opportunity to put his arguments before the trial court, and the appellate court will then have a better record from which it can review the motion court's ruling on the abandonment issue." *Hutton*, 345 S.W.3d at 377. In *Hutton*, we affirmed the motion court's findings, concluding that, despite the fact that it appeared *no attorney had filed anything* on the movant's behalf in the post-conviction case, the movant's abandonment claim was not properly before us. *Id.* at 378–79. As in *Hutton*, we see nothing here that prohibited Linder from filing a motion to reopen with the motion court, which would have opened the door to appellate review;

---

**5.** Although *Hutton* was a case filed under Rule 29.15, the same rule applies to a case filed under Rule 24.035. "If the conduct of post-conviction counsel deprives a defendant of the opportunity to seek relief in whole or in part under Rule 24.035 or Rule 29.15, the defendant cannot claim ineffective assistance of counsel, but can seek to 'reopen an otherwise final post-conviction case' by establishing abandonment by post-conviction counsel.'" *Ewing v. Denney*, 360 S.W.3d 325, 332 n. 11 (Mo.App. W.D.2012) (citing *McFadden v. State*, 256 S.W.3d 103, 106 (Mo. banc 2008)).

hence, an appeal to this court is not the proper vehicle for the relief sought. *Id.* at n. 6.

Additionally, under Rule 24.035(k) our review is limited to a determination of whether the findings of fact and conclusions of law of the trial court are clearly erroneous. *Greathouse v. State,* 859 S.W.2d 247, 249 (Mo.App. W.D.1993) (citation omitted). Because the issue of abandonment by post-conviction counsel was never raised before the trial court, no findings or conclusions were made by the trial court on this issue and thus there is nothing for us to review. *Garrison v. State,* 400 S.W.3d 826, 827 n. 2 (Mo.App. S.D. 2013).

If Linder desired findings on this issue, Linder could have secured review by filing a motion to amend the judgment under Rule 78.07(c). That provision states that "[i]n all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 78.07(c) applies to claims regarding post-conviction relief and its purpose "is to ensure that complaints about the form and language of judgments are brought to the attention of the trial court where they can be easily corrected, alleviating needless appeals, reversals, and rehearings." *Gerlt,* 339 S.W.3d at 584. Indeed, in a similar procedural posture, the Southern District of this court held that "[t]o preserve [the issue of abandonment] for appeal, a movant must have first complied with Rule 78.07(c) by filing a motion to amend the judgment in the motion court." *Garrison,* 400 S.W.3d 826, 827 at n. 2. Because the claim had not been presented to the motion court, the motion court was not required to review it and consequently the Southern District deter-

mined it could not possibly reverse it under the standard of review. *Id.* at 826–87.

Linder argues that this cause can be addressed for the first time in this court because the motion court erred in failing to address the abandonment issue *sua sponte* based on the facially deficient amended motion. In support, Linder relies on cases indicating a "complete absence of performance by post-conviction counsel." *See, e.g., Luleff v. State,* 807 S.W.2d 495, 497 (Mo. banc 1991).

In this case, however, the counsel's post-conviction motion, while it lacks specific allegations of facts to support its legal claims, does not indicate a "complete absence of performance by post-conviction counsel" so as to trigger review under *Luleff.* Moreover, in light of our holding in *Hutton,* which also involved a lack of action by post-conviction counsel, and the lack of factual findings on this issue, these claims are not reviewable. Linder failed to avail herself of the option of filing a motion to reopen with the motion court on the ground of abandonment or the option of obtaining findings on this issue under Rule 78.07(c), either of which would have placed these issues properly before this court for review. Having failed to avail herself of these remedies, we are without ability to grant review of her claim.

## Conclusion

The judgment of the trial court is affirmed.

All concur.