Jakib PROPST, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 96032

Supreme Court of Missouri,
en banc.

Opinion issued December 19, 2017

Propst was represented by Gwenda R. Robinson of the public defender's office in St. Louis, (314) 340-7662.

The state was represented by Shaun J. Mackelprang of the attorney general's office in Jefferson City, (573) 751-3321.

Mary R. Russell, Judge

Jakib Propst appeals the dismissal of his Rule 24.035 motion. While he was incarcerated, a public defender became aware of his case and believed he had a viable claim for post-conviction relief. The public defender prepared a motion for Propst to sign, obtained his signature, and told Propst he would file the motion. The public defender, however, miscalculated the deadline, and he filed the motion one day late. It was dismissed as untimely. Propst argues a narrow exception applies to allow the late filing of *pro se* motions for post-conviction relief because counsel actively interfered with the filing of the motion. Because Propst did not prepare the motion himself or do anything further to ensure the motion was filed on time, this Court holds that the third-party interference exception does not apply. Accordingly, the motion court's judgment dismissing his motion as untimely is affirmed.

## Factual Background

Jakib Propst was charged with one count of second-degree burglary. Pursuant to a plea agreement, the trial court sentenced Propst to five years' imprisonment, suspended execution of his sentence, and placed him on probation. After the state alleged Propst violated conditions of his probation, the trial court conducted a probation revocation hearing. Propst admitted violating his probation conditions. The trial court revoked Propst's probation and executed his sentence.

The trial court additionally advised Propst of his right to seek post-conviction relief pursuant to Rule 24.035 and the need to file his motion within 180 days from the date of his delivery to the department of corrections. He was delivered to the department of corrections on April 30, 2014, and, pursuant to Rule 24.035, had until October 27, 2014, to file his motion for post-conviction relief.

Prior to the October 27 deadline, a public defender in the Farmington office became aware of Propst's case and believed Propst had a viable claim that his trial counsel was ineffective.[1] The public defender scheduled an appointment to meet with Propst at the correctional center on October 27—*the last day Propst could file his motion for post-conviction relief pursuant to Rule 24.035.* Prior to this meeting, Propst was unaware of any claim under which he could seek relief.

The public defender advised Propst he had prepared a Form 40 for Propst to sign[2] and a public defender in the appellate division would be appointed to represent him once his initial motion was filed. After Propst signed the Form 40 at the public defender's request, the public defender stated he would file it on Propst's behalf.

The public defender testified that, because he believed Propst's deadline to file his motion was October 28, he filed the motion on that day. The motion court dismissed Propst's Rule 24.035 *pro se* motion as untimely, applying this Court's holding

1. The public defender testified he became aware of Propst's case on or soon after October 15, 2014. He learned Propst had received a Court Ordered Detention Sanction ("CODS"), which is a 120-day placement program within the division of adult institutions, in response to a probation violation in another case of his. *See generally* sec. 559.036.4(1), RSMo Supp. 2013; Mo. Dep't of Corr., *Supervision Strategies and Treatment Alternatives*

10-12 (Sept. 13, 2017), https://doc.mo.gov/Documents/prob/SupervisionStrategies Treatment.pdf. Propst received the CODS around the time this underlying case was pending for a probation violation.

2. Rule 24.035(b) provides a person seeking post-conviction relief shall file a motion "substantially in the form of Criminal Procedure Form No. 40."

in *Price v. State*, 422 S.W.3d 292 (Mo. banc 2014). Propst appeals.[3]

## Standard of Review

Appellate review of a motion court's dismissal of a post-conviction relief motion is limited to determining whether the findings and conclusions of law are clearly erroneous. *Id.* at 294. A motion court's findings and conclusions are clearly erroneous if this Court "is left with the definite and firm impression that a mistake has been made" after a review of the entire record. *Id.*

## Analysis

Propst argues the motion court erred in dismissing his post-conviction relief motion as untimely because it was no fault of his own but, rather, the result of active interference by a third party—the public defender who assumed the duty of filing the *pro se* motion. Because of this alleged interference, Propst contends the motion court should not have dismissed his motion to proceed as untimely.

Rule 24.035(a) provides that, absent appeal, a person claiming his or her conviction or sentence imposed after a guilty plea violates the constitution and laws of the United States or Missouri, including claims of ineffective assistance of counsel, may file a motion to vacate, set aside, or correct the trial court's judgment or sentence. Such a motion must be filed within 180 days of the person being delivered to the custody of the department of corrections. Rule 24.035(b). "Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." *Id.*

The parties agree Propst's *pro se* motion was untimely. He was delivered to the department of corrections on April 30, 2014, making his Rule 24.035 motion due on October 27, 2014. The public defender, who visited Propst in prison and told him he would file the Form 40, miscalculated the deadline and filed it one day late on October 28. Consequently, pursuant to Rule 24.035(b), Propst completely waived his right to proceed under Rule 24.035 absent a recognized exception excusing such untimeliness. *See Price*, 422 S.W.3d at 301.

This Court has recognized a narrow exception that excuses the untimely filing of a *pro se* motion under Rule 24.035. Such an exception occurs "when the *active interference* of a third party beyond the inmate's control frustrates those efforts and renders the inmate's motion untimely." *Id.* at 302 (emphasis added). In this factual situation, a motion court may excuse the untimely filing "where an inmate writes his initial post-conviction motion and takes every step he reasonably can within the limitations of his confinement to see that the motion is filed on time." *Id.*

The facts of this case are similar to those in *Price*.[4] In *Price*, an inmate untimely filed a Rule 29.15 motion. *Id.* at 295. The movant and his post-conviction coun-

---

3. This Court has jurisdiction pursuant to article V, section 10 of the Missouri Constitution.

4. Both Rules 29.15(e) and 24.035(e) have the same language providing counsel appointed after a movant files his or her initial *pro se* motion "shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence." Additionally, both Rules 29.15(b) and 24.035(b) require a movant to file a Form 40. "Accordingly, case law interpreting a provision that is identical in both rules applies equally in proceedings under either rule." *Vogl v. State*, 437 S.W.3d 218, 224 n.7 (Mo. banc 2014).

sel claimed the movant relied on the attorney's representation that he would prepare and timely file the motion, but the attorney misunderstood the applicable deadline. *Id.* While it takes no legal expertise or assistance for an inmate to complete a Form 40, *Price* notes "Rule 29.15(b) [and Rule 24.035] require[ ] that the inmate '*shall file*' this motion in the sentencing court and an inmate, by definition, cannot comply with such a requirement on his own." *Id.* at 302. Because inmates are unlike other categories of civil litigants and must rely on one or more third parties to deliver their motions to the appropriate circuit clerk for filing, courts may apply this exception to excuse untimely *pro se* motions for post-conviction relief if the inmate did everything he or she reasonably could have done to ensure the motion was filed timely. *Id.*

*Price* held the third-party interference exception did not apply to excuse the untimely motion because the movant "did not do all that he could do to effect a timely filing of his Rule 29.15 motion." *Id.* Unlike inmates in cases in which the exception has been applied, the movant in *Price* "did not write his initial post-conviction motion and took no steps to meet (or even calculate) the applicable filing deadline for his motion." *Id.* (citing *Nicholson v. State*, 151 S.W.3d 369 (Mo. banc 2004); *Spells v. State*, 213 S.W.3d 700 (Mo. App. W.D. 2007)). Rather, he relied on private counsel to prepare and file his motion on his behalf and "took the same risk that every other civil litigant takes when retaining counsel, i.e., he chose to substitute counsel's performance for his own and bound himself to the former as though it were the latter." *Id.*

As in *Price*, Propst did not prepare his own Rule 24.035 motion. Propst was unaware of any potential sentencing issue related to CODS and had not taken any steps toward drafting or filing a *pro se* motion or calculating the deadline by which he would need to file such a motion. The public defender arrived at the prison on October 27 with the completed Form 40 ready for Propst to sign. Ultimately, Propst's motion, like the motion in *Price*, was filed untimely because of counsel miscalculating the deadline.

Propst attempts to distinguish his case from *Price* by noting the movant in *Price* had retained private counsel. Here, a public defender initiated contact with Propst, advised him of a potential basis to seek post-conviction relief, prepared a Form 40 for Propst to sign, and told Propst he would file it on time. Because of this distinction, Propst asserts his case is similar to *McFadden v. State*, 256 S.W.3d 103 (Mo. banc 2008). In *McFadden*, "a public defender initiated contact with [the movant] while he was incarcerated." *Id.* at 105. After meeting with the movant, the public defender instructed him to prepare his Rule 29.15 motion and send it directly to her and she would file it by hand with the court. *Id.* The movant *personally* prepared, signed, and mailed the motion to the public defender, who received it 13 days before the filing deadline. *Id.* The public defender, however, filed the motion one day late. *Id.* This Court reversed the motion court's dismissal of the case as untimely, noting the movant "did all he could do to express an intent to seek relief under Rule 29.15 [and] took all steps to secure this review." *Id.* at 109. It was the public defender's active interference that caused the inmate's initial post-conviction relief motion to be untimely. *Id.* at 109.

■ Accordingly, Propst argues the unique position of inmates seeking post-conviction relief, when a public defender actively inserts him or herself into the case, should excuse an untimely filed motion. Propst's argument is incorrect. The relevant issue is not whether a private

counsel or a public defender is representing a movant but rather whether the movant's efforts to effectuate a timely filling were frustrated by an intervening party. *Price*, 422 S.W.3d at 302. The facts surrounding the *preparation* of the motion in *McFadden*, not the nature of the attorney-client relationship, were critical to this Court's decision in *Price*. *Id.* at 304-05.

As clarified in *Price*:

> *McFadden* ... stands only for the proposition that, where an inmate prepares his initial motion and does all that he reasonably can to ensure that it is filed on time, tardiness *resulting solely* from the active interference of a third party beyond the inmate's control may be excused and the waiver imposed by Rule 29.15(b) [and Rule 24.035(b)] not enforced.

422 S.W.3d at 307 (emphasis added). Here, the actions of the public defender were not the sole cause for Propst's *pro se* motion being filed untimely. Propst, not being aware of any sentencing errors, did not prepare an initial motion or do all he could have reasonably done to ensure that it was filed on time, such as independently calculating the deadline. *See id.* at 302. Consequently, *Price* controls—the active interference exception does not apply in this case because Propst did not prepare the motion or take any steps to attempt to file it on his own. The motion court correctly dismissed Propst's motion as untimely.

### Conclusion

The motion court's judgment dismissing Propst's Rule 24.035 motion as untimely is affirmed.

All concur.