

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| **TAUSHA FIELDS,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD83230** |
| **v.** | ) | |
| | ) | |
| | ) | **OPINION FILED:** |
| | ) | **May 25, 2021** |
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Boone County, Missouri
The Honorable J. Hasbrouck Jacobs, Judge**

**Before Division Two:** Mark D. Pfeiffer, Presiding Judge, and
Alok Ahuja and Karen King Mitchell, Judges

Ms. Tausha Fields ("Fields") appeals from the judgment of the Circuit Court of Boone

County, Missouri ("motion court"), dismissing her untimely Rule 29.15 amended motion for

post-conviction relief based on ineffective assistance of counsel. We affirm.

## Factual and Procedural Background

In 2010, Fields was found guilty of murder in the first degree and armed criminal action

following a jury trial.[1] She was sentenced to life imprisonment without the possibility of parole

---

[1] Portions of the facts are quoted from the opinion in Fields's 2018 appeal of the judgment of the motion court dismissing her Rule 29.15 motion, *Fields v. State*, 541 S.W.3d 45 (Mo. App. W.D. 2018), without further attribution.

for murder in the first degree and a concurrent twenty-year term of imprisonment for armed criminal action. We affirmed Fields's convictions on direct appeal. *State v. Morton*, 384 S.W.3d 343 (Mo. App. W.D. 2012) (mem.).[2]

On January 4, 2017, Fields filed an untimely Rule 29.15 motion[3] which was signed by motion counsel and notarized. In addition to claims alleging ineffective assistance of counsel, Fields alleged that her failure to timely file her Rule 29.15 motion was excused under the "active interference" exception.[4] The motion court dismissed Fields's motion without an evidentiary hearing because it was untimely filed. Fields thereafter appealed the judgment of the motion court dismissing her untimely motion. *Fields v. State*, 541 S.W.3d 45 (Mo. App. W.D. 2018). On appeal this Court held that Fields *alleged* sufficient facts to invoke the active interference exception, in that the allegations contained in her motion—*if believed*—indicated that she took every step she reasonably could within the limitations of her confinement to see that the motion was filed on time. *Id*. at 50. On that basis, we reversed and remanded the case for further proceedings. *Id.* at 51.

On May 9, 2019, an evidentiary hearing was held wherein Fields was represented by counsel. At the evidentiary hearing, Fields offered evidence concerning the merits of her claims of ineffective assistance of trial counsel; she presented testimony from both of her trial attorneys and the investigator that assisted trial counsel. However, Fields did *not* present any evidence or make any argument regarding her claim that active interference excused the untimeliness of her motion. In its judgment after the evidentiary hearing, the motion court noted: "Because [Fields] presented no evidence establishing the actual-interference exception to her late-filed motion,

---

[2] Fields was referred to as "Tausha Lee Morton" during the underlying criminal proceedings.

[3] Final mandate of Fields's direct appeal was issued on December 20, 2012. Under Supreme Court Rule 29.15(b), Fields's post-conviction motion was due ninety days after the issuance of our mandate, meaning that the deadline for filing her initial motion was March 20, 2013.

[4] Fields's allegations of interference concerned her trial counsel, which allegations are fully set out in her 2018 appeal to this Court and need not be repeated here.

[Fields] failed to meet her evidentiary burden to establish [an exception to] timeliness. This Court must therefore dismiss [Fields's] motion."[5]

Fields now appeals.

## Standard of Review

"Appellate review of a motion court's dismissal of a post-conviction relief motion is limited to determining whether the findings and conclusions of law are clearly erroneous." *Propst v. State*, 535 S.W.3d 733, 735 (Mo. banc 2017) (citing *Price v. State*, 422 S.W.3d 292, 294 (Mo. banc 2014)); *see also* Rule 29.15(k). "A motion court's findings and conclusions are clearly erroneous if this Court 'is left with the definite and firm impression that a mistake has been made' after a review of the entire record." *Propst*, 535 S.W.3d at 735 (quoting *Price*, 422 S.W.3d at 294).

## Analysis

Fields asserts six points on appeal. However, we address only her first point as it presents a threshold issue which is dispositive of her present appeal. In her first point, Fields contends that the motion court erred in dismissing her Rule 29.15 post-conviction relief motion after an evidentiary hearing wherein the motion court concluded that she failed to prove that the untimeliness of her motion was excused under the "active interference" exception.

In a motion filed pursuant to Rule 29.15, the movant must *allege* facts establishing that the motion is timely filed and must thereafter *prove* that the motion is timely by a preponderance of the evidence. *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012). A movant may meet this burden by either: "(1) timely filing the original *pro se* motion so that the time stamp on the file

---

[5] In its judgment, the motion court alternatively itemized bases upon which it concluded that Fields's substantive claims of ineffective assistance of counsel lacked merit; however, because we conclude that the motion court's dismissal ruling was not erroneous, we need not and do not address those alternative reasoning sections of the motion court's judgment addressing Fields's substantive claims of ineffectiveness of counsel.

3

reflects that it is within the time limits proscribed in the Rule; (2) *alleging <u>and</u> proving* by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion." *Id.* (emphasis added).

In her motion, Fields *alleged* that she fell within a recognized exception to the time limits—specifically, she *alleged* active interference of a third-party. *See Price*, 422 S.W.3d at 301. Fields, however, failed to *prove* her allegations in that she failed to offer evidence at the evidentiary hearing in support of her claim of active interference of a third-party, and Fields conceded as much in her appellate brief to this Court.

In Fields's earlier appeal from the motion court's judgment dismissing her motion without an evidentiary hearing, this Court held that Fields alleged sufficient facts that, *if believed*, would indicate interference of a third party excusing her adherence to the time limits of Rule 29.15(b). *Fields*, 541 S.W.3d at 50. Our holding in Fields's 2018 appeal did not relieve her of her burden to *prove* her allegations. To the contrary, our holding informed the motion court that Fields made sufficient allegations in her motion to entitle her to an evidentiary hearing wherein she could then present evidence in support of her allegations that may have convinced the motion court to *believe* that Fields had met her burden of proving active interference of a third-party by a preponderance of the evidence. Although the case was remanded for further proceedings, allowing Fields the opportunity to *prove* her allegations at an evidentiary hearing, she simply did not attempt to meet her burden; for, as the motion court correctly noted in its judgment, Fields failed to present evidence that would give the motion court an opportunity to *believe* the *allegations* of active interference preventing the untimely filing of her Rule 29.15 motion.

Fields may have met her burden of *alleging* sufficient facts entitling her to an evidentiary hearing, but "'[a]llegations in a postconviction motion are not self-proving.'" *Shockley v. State*, 579 S.W.3d 881, 918-19 (Mo. banc 2019) (quoting *Gittemeier v. State*, 527 S.W.3d 64, 71 (Mo. banc 2017)). Fields was still required to meet her burden of *proving* that her post-conviction relief motion was timely under a recognized exception to the Rule 29.15(b) time constraints. "Failure to present evidence at a hearing in support of factual claims in a post-conviction motion constitutes abandonment of that claim." *Id.* at 919 (internal quotation marks omitted). Thus, Fields abandoned her claim of active interference and, in so doing, did not meet her burden of showing that her motion was timely, via a recognized exception to the Rule 29.15(b) time constraints.

Nonetheless, Fields asserts that she was not required to present evidence at the evidentiary hearing in support of her allegations of active interference because the facts alleged in her motion were verified and sworn to under oath by motion counsel and, as such, the motion itself should have been treated as evidence by the motion court. We disagree.

Though Fields's "verified pleading" argument fails for numerous reasons,[6] most notably it fails because, absent a stipulation between the parties, an affidavit (*i.e.*, even were we to agree that the verified pleading constituted a valid affidavit based upon the affiant's personal knowledge— which we do not) is not to be treated as evidence. *Jhala v. Patel*, 154 S.W.3d 12, 20 (Mo. App. E.D. 2004) ("Missouri courts have consistently held without exception that in the absence of a stipulation of the parties, there is no authority for admitting an affidavit as evidence at trial.");

[6] Although a post-conviction proceeding is a civil proceeding and, generally speaking, a verified pleading may in certain circumstances be considered by a circuit court in a civil proceeding, the State argues in its appellate briefing that Rule 29.15 does not recognize such a circumstance in post-conviction proceedings. More importantly, the State correctly notes that motion counsel's verification could not possibly be based upon his personal knowledge as to the "facts" relating to the active interference claim of Fields and, thus, could not qualify as a verified pleading in the first instance. *See St. Louis Bank v. Kohn*, 517 S.W.3d 666, 675 (Mo. App. E.D. 2017). Irrespective, given the additional reason that the verified motion could not serve as evidence in the below proceeding, we need not address these alternative arguments of the State further.

*Eames v. Eames*, 463 S.W.2d 576, 579 (Mo. App. 1971) ("[A]bsent a stipulation of the parties there is no authority for treating such affidavits as evidence, and in determining the issues therefrom."); *see also Beecher v. Beecher*, 417 S.W.3d 868, 871 n.2 (Mo. App. S.D. 2014). Here, there was no stipulation between the parties.[7] Consequently, the contention that the motion itself constituted evidence is unsupported by the record or by any controlling precedent.[8]

Fields failed to meet her burden of proving to the motion court that her motion was timely under a recognized exception to Rule 29.15(b), and the motion court's conclusion to that effect was not clearly erroneous; nor was the motion court's dismissal of Fields's motion as untimely erroneous.

Point I is denied.

## Conclusion

The motion court's judgment dismissing Fields's Rule 29.15 motion after an evidentiary hearing is not clearly erroneous and, hence, is affirmed.

/s/ *Mark D. Pfeiffer*

Mark D. Pfeiffer, Presiding Judge

Alok Ahuja and Karen King Mitchell, Judges, concur.

---

[7] Likewise, Fields's assertion that the State, while not stipulating to the purported verified pleading, made no objection to the purported verified motion is simply a mischaracterization of the record. Though a formal "objection" was not a requirement to oppose the verified motion as evidence before the motion court, the State has objected to all aspects of Fields's motion seeking post-conviction relief both below and at this Court on appeal.

[8] It is also clear that the motion court found that the bare recitals contained in Fields's motion were not of a quality to cause it to *believe* the allegations. If the motion court were to *believe* the allegations of "active interference," it demanded *proof* at the evidentiary hearing to cause it to believe those allegations.